UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN EUGENE ONG,<br><br>        Petitioner,<br><br>   v.<br><br>MIKE OBENLAND,<br><br>        Respondent. | CASE NO. C13-5447 RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>NOVEMBER 1, 2013 |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner asks the Court to find that he has a Sixth Amendment right to have a jury determine that he committed prior serious offenses and he asks that the right to have the jury find that these prior offenses raise his sentencing to the level of being a persistent offender. The Court recommends denial of this petition because the Court cannot announce a new rule of law and apply it retroactively in a habeas corpus petition. In the alternative, the Court recommends denial of the petition because the decisions of the state courts do not violate clearly established federal constitutional law.

## BASIS FOR CUSTODY AND FACTS

Petitioner is in custody as a result of Clallam County convictions for second degree assault with sexual motivation and fourth degree assault (ECF No. 13, Exhibit 1). The sentencing court found that petitioner had two serious prior felony convictions, one for assault second degree and one for kidnapping second degree (ECF No. 13, Exhibit 1). The sentencing court found that it was required to sentence petitioner as a persistent offender pursuant to RCW 9.94A.570 (*id.*). The trial court sentenced petitioner to life without the possibility of parole because the conviction for second degree assault with sexual motivation was petitioner's third conviction for a serious offense (ECF No. 13, Exhibit 1).

Petitioner does not contest his conviction. Instead, petitioner contends that a jury, rather than the trial court, should have decided whether or not the prior offenses existed and were serious offenses (ECF No. 1, p. 5).

The facts underlying petitioner's conviction are not germane to the discussion because petitioner's current conviction is not contested.

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C. §2254(e)(2) (1996).

REPORT AND RECOMMENDATION - 2

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. In fact, petitioner does not challenge his guilt or this conviction; petitioner only challenges the sentence. Therefore, this Court concludes that an evidentiary hearing is not necessary to decide this case.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Engle v. Isaac*, 456 U.S. 107, 119 (1983). 28 U.S.C. § 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has stated that federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

### 1. A new rule of constitutional law and retroactivity.

Petitioner asks the Court to hold that the Sixth Amendment right to a jury trial includes the right have a jury determine beyond a reasonable doubt that his prior offenses exist. He makes this argument based on the United States Supreme Court case of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Court held that a person has a right under the Sixth Amendment to have a jury decide the facts needed to impose a sentence beyond the statutory maximum.

The law regarding petitioner's right to have jury find facts underwent a series of major changes between 2000 and 2004, but has been relatively stable since that time. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court stated: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Supreme Court did not recognize a right to have a jury determine prior convictions and, in fact, specifically reserved this issue as not being part of the Sixth Amendment right to a jury trial. *Apprendi*, 530 U.S. at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"(emphasis added)).

Subsequent cases *Ring v. Arizona*, 536 U.S. 584 (2002) and *Blakely v. Washington*, 542 U.S. 296 (2004) did not alter this portion of the *Apprendi* decision.

Courts may not announce new rules of constitutional law on habeas review. *Smith v. Mahoney*, 611 F.3d 978, 998 (9th Cir. 2010); *citing Teague v. Lane*, 489 U.S. 288, 316 (1989). Accordingly, the Court recommends denying this petition without reaching the merits because petitioner's position is a novel one, and is not clearly established in federal constitutional law.

CERTIFICATE OF APPEALABILITY AND FILING OBJECTIONS

A petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484(2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 1, 2013, as noted in the caption.

Dated this 26th day of September, 2013.

J. Richard Creatura
United States Magistrate Judge