UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN EUGENE ONG,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>MIKE OBENLAND,<br><br>　　　　　　Respondent. | CASE NO. 3:13-cv-05447- RJB<br><br>ORDER DENYING MOTION TO STAY PROCEEDINGS AND ADOPTING REPORT AND RECOMMENDATION |

　　　This matter comes before the court on Petitioner's Motion to Stay These Proceedings (Dkt. 15) and the Report and Recommendation of the Magistrate Judge (Dkt. 14). The court has reviewed the relevant records and the remainder of the file herein.

　　　　　　　　　　I.　　PROCEDURAL HISTORY

　　　On June 7, 2013, Petitioner Steven Eugene Ong commenced the instance case by filing a proposed petition for Writ of Habeas Corpus. Dkt. 1. The Magistrate Judge provided the following background:

> Petitioner is in custody as a result of Clallam County convictions for second degree assault with sexual motivation and fourth degree assault. [Dkt. 13.] The sentencing court found that petitioner had two serious prior felony convictions,

ORDER DENYING MOTION TO STAY
PROCEEDINGS AND ADOPTING REPORT AND
RECOMMENDATION- 1

> one for assault second degree and one for kidnapping second degree. [Dkt. 13.] The sentencing court found that it was required to sentence petitioner as a persistent offender pursuant to RCW 9.94A.570. [*Id.*] The trial court sentenced Petitioner to life without the possibility of parole because the conviction for second degree assault with sexual motivation was petitioner's third conviction for a serious offense. [Dkt. 13.]
>
> Petitioner does not contest his conviction. Instead, petitioner contends that a jury, rather than the trial court, should have decided whether or not the prior offenses existed and were serious offenses. [Dkt. 1, at 5.]

Dkt. 14, at 2.

On September 26, 2013, Magistrate Judge J. Richard Creatura issued a Report and Recommendation, concluding that Petitioner's habeas corpus petition and certificate of appealability should be denied. Dkt. 14. Petitioner did not file objections to the Report and Recommendation.

On October 21, 2013, Petitioner filed a Motion to Stay These Proceedings, requesting the court stay proceedings pending the final outcome of a Washington Court of Appeals Case that "is challenging the Unconstitutional Exceptional Sentence imposed on the Petitioner in the above entitled cause." Dkt. 15.  Respondent filed a response on October 28, 2013, arguing that Petitioner has failed to show good cause for a stay. Dkt. 16.

## II.   DISCUSSION

**A.   Motion to Stay Should Be Denied**

It remains within the discretion of the district courts to stay a habeas petition, but under the Antiterrorism and Effective Death Penalty Act stays should only be available in limited circumstances.  *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). Stays are disfavored because they decrease a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal petition. *Id.* If the petitioner has failed to exhaust his claims in state court, a stay may be appropriate if the petitioner can show good cause for this failure. *Id.*

1  Here, Petitioner appealed both his conviction and sentence to the Washington Court of
2  Appeals, which affirmed both, and the Washington Supreme Court, which denied review. Dkt.
3  13; Dkt. 12, at 2. Specifically, Petitioner appealed the following issue: "Was Ong deprived of his
4  right to a jury trial when he was sentenced beyond the maximum term based on his prior convictions
5  that were not found by a jury beyond a reasonable doubt?" Dkt. 13; Dkt. 12, at 2. Petitioner brought
6  this habeas petition on the same issue, relying on the finality of the state court's final determination
7  to do so. Petitioner now requests that the court stay proceedings on his petition in order to litigate in
8  state courts the constitutionality of his "exceptional sentence." Petitioner has not demonstrated how
9  the constitutionality of his exceptional sentence is distinguishable from the issues raised and
10 adjudicated in his prior appeals. Regardless, Petitioner's motion for a stay of proceedings should be
11 denied because the state courts have already adjudicated the claims at issue and the Magistrate Judge
12 has already issued a Report and Recommendation.

**B.      Habeas Corpus Petition Should Be Denied**

13 The court has reviewed the record *de novo*. The court concurs with the Magistrate
14 Judge's thorough and careful analysis of Petitioner's claims. The state court decisions denying
15 relief on this claim did not result in a decision that was contrary to, or involved an unreasonable
16 application of, clearly established federal law, as determined by the Supreme Court; nor did the
17 state court's adjudication result in a decision that was based on an unreasonable determination of
18 the facts in light of the evidence presented to the state courts. *See* 28 U.S.C. § 2254(d).
19 Accordingly, the Report and Recommendation should be adopted.

III.     ORDER

Therefore, it is hereby

**ORDERED** that Petitioner's Motion to Stay These Proceedings (Dkt. 15) is **DENIED**;
the Report and Recommendation of the Magistrate Judge (Dkt. 14) is **ADOPTED**; Petitioner's

habeas corpus petition (Dkt. 3) is **DENIED**; and a certificate of appealability is **DENIED.** This case is dismissed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of November, 2013.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge